UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JANAY ARMSTRONG, SONDRA BARRETT, TERRI COOK, and CARRIE LEE,**<br><br>　　　　**Plaintiffs,**<br><br>　v.<br><br>**PFIZER INC., PHARMACIA & UPJOHN CO. LLC, and PHARMACIA LLC,**<br><br>　　　　**Defendants.** | Case No. 3:26-cv-00338<br><br>March 6, 2026 |

**DEFENDANTS PFIZER INC., PHARMACIA & UPJOHN CO. LLC, AND PHARMACIA LLC'S NOTICE OF REMOVAL**

Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Co. LLC (collectively "Pfizer"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove the above-styled action, *Jaros, Paula, et al v. Pfizer, Inc., et al*, Case No. KNL-CV26-6081240-S, from the Connecticut Superior Court, Judicial District of New London, to the United States District Court for the District of Connecticut.

This Court has jurisdiction over this action because: (1) there is complete diversity of citizenship between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other removal requirements are satisfied. In support of this Notice of Removal ("Notice"), Defendants state as follows:

**BACKGROUND FACTS**

1.　On February 26, 2026, Plaintiffs Paula Jaros, Janay Armstrong, Sondra Barrett, Terri Cook, and Carrie Lee (collectively "Plaintiffs") filed this action against Pfizer in the Connecticut Superior Court, Judicial District of New London, Case No. KNL-CV26-6081240-S,

1

styled as *Jaros, Paula, et al v. Pfizer, Inc., et al.*[1]  A true and correct copy of this Complaint is attached as **Exhibit A**.  A copy of the state court docket is attached as **Exhibit B**.

2. Plaintiffs allege that their use of brand name and generic Depo-Provera caused or exacerbated the development of meningioma and resulting injuries.  Ex. A., Compl. ¶¶ 3, 104, 136, 168, 201, 234.  Plaintiffs assert ten causes of action under the Connecticut Products Liability Act, Conn. Gen. Stat. § 52-577m, *et. seq.*

3. On November 26, 2024, certain plaintiffs who had filed personal injury, product liability claims in federal courts throughout the country alleging that use of Depo-Provera caused them to develop intracranial meningiomas (the "Depo-Provera cases"), petitioned the Judicial Panel on Multidistrict Litigation (the "Panel") to centralize the Depo-Provera cases into a Multidistrict Litigation (MDL).  *In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, MDL No. 3140, at ECF No. 1, Motion to Transfer (Initial Motion) (J.P.M.L. Nov. 26, 2024).

4. On February 7, 2025, the Panel granted the plaintiffs' motion to transfer and established an MDL in the Northern District of Florida before Judge M. Casey Rodgers (the "Depo-Provera MDL").  *See In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, 3:25-md-03140, ECF No. 1.

5. There are presently over 3,335 actions pending in the Depo-Provera MDL.  *See id.*, ECF No. 567, Joint Update and Proposed Agenda (N.D. Fla. March 2, 2026).

6. Removing Defendants respectfully submit that the claims asserted in the Complaint belong in federal court in the Depo-Provera MDL where they can be litigated alongside cases with overlapping questions of fact, causes of action, and issues of law.

---

[1] On February 26, 2026, Plaintiff Paula Jaros withdrew from the action.  Ex. B.

**VENUE**

7. Removal to this Court is proper under 28 U.S.C. §§ 1441(a), and 1446(a) because this Court is the United States District Court for the district in which the state court action is pending. *See also* 28 U.S.C. § 86.

**BASIS FOR REMOVAL**

8. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount-in-controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). All other requirements for removal are satisfied.

I. **THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A).**

　　A. **There is Complete Diversity of Citizenship Between the Parties.**

9. There is complete diversity because no Defendant is a citizen of the same state as any Plaintiff. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217-18 (2d Cir. June 29, 2016) (finding complete diversity where "there is no plaintiff and no defendant who are citizens of the same State" (internal quotations omitted)).

10. A corporation is "a citizen of every State and foreign state by which it has been, incorporation and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. A limited liability company is a citizen of every state of which its members are citizens. *Bayerische Landesbank v. Aladdin Cap. Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

12. Defendant Pfizer Inc. is, at the time of removal, and was, at the time this action was filed, a Delaware corporation with its principal place of business at 66 Hudson Blvd. E., New York,

New York.  Ex. A, Compl. ¶ 13.  Pfizer Inc. is therefore considered a citizen of New York and Delaware for purposes of diversity jurisdiction.  28 U.S.C. § 1332.

13. Pharmacia & Upjohn Co. LLC, is a Delaware limited liability company whose sole member is Defendant Pharmacia LLC.  Pharmacia LLC is a Delaware limited liability company whose sole member is Wyeth Holdings LLC.  Wyeth Holdings LLC is a Maine limited liability company whose sole member is Anacor Pharmaceuticals, LLC.  Anacor Pharmaceuticals, LLC is a Delaware limited liability company whose sole member is Pfizer MAP Holding, Inc.  Pfizer MAP Holding, Inc. is a Delaware corporation with a principal place of business in New York.  Pharmacia & Upjohn Co., LLC and Pharmacia LLC therefore are both considered citizens of Delaware and New York for the purposes of diversity jurisdiction.

14. For an individual, citizenship is determined by their domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

15. Plaintiff Janay Armstrong alleges that she is a "resident and citizen of Tennessee." Ex. A, Compl. ¶ 8.

16. Plaintiff Sondra Barrett alleges that she is a "resident and citizen of Indiana."  *Id.* ¶ 9.

17. Plaintiff Terri Cook alleges that she is a "resident and citizen of Indiana."  *Id.* ¶ 10.

18. Plaintiff Carrie Lee alleges that she is a "resident and citizen of Florida."  *Id.* ¶ 11.

19. Because no Defendant is a citizen of Tennessee, Indiana, or Florida, there is complete diversity.  28 U.S.C. § 1332(a)(1).

**B.     The Amount-in-Controversy Requirement is Satisfied.**

20. When removal is based on diversity jurisdiction, "the sum demanded in good faith

4

in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Where there are multiple Plaintiffs, "claims of two or more plaintiffs may not be aggregated unless such claims involve a single title or right in which those plaintiffs have a common interest." *Baker v. Adams*, 929 F. Supp. 617, 621 (D. Conn. 1996). Plaintiffs' Complaint does not allege a specific monetary sum; rather, Plaintiffs each allege that they suffered severe injuries and request punitive damages.

21. Plaintiff Janay Armstrong alleges that she has undergone a "craniotomy" and "has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses." Ex. A., Compl, ¶¶ 136, 161. Armstrong requests "compensatory, consequential, and punitive damages." *Id.* ¶ 166.

22. Plaintiff Sondra Barrett alleges that she has undergone "radiation treatment," "has sustained multiple injuries including but not limited to vision problems," and "has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses." *Id.* ¶¶ 168, 194. Plaintiff Barrett requests "compensatory, consequential, and punitive damages." *Id.* ¶ 199.

23. Plaintiff Terri Cook alleges that she has undergone a "craniotomy," "sustained multiple injuries including but not limited to headaches, vision issues, left side weakness, and trouble sleeping," and "has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses." *Id.* ¶¶ 201, 227. Plaintiff Cook requests "compensatory, consequential, and punitive damages." *Id.* ¶ 232.

24. Plaintiff Carrie Lee alleges that she has undergone a "craniotomy," "sustained multiple injuries including but not limited to migraines and seizures," and "has suffered and will

continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses." *Id.* ¶¶ 234, 260. Plaintiff Lee requests "compensatory, consequential, and punitive damages." *Id.* ¶ 265.

25. The cost of each Plaintiffs' alleged physical injuries and medical treatment, including surgeries, as well as alleged pain and suffering and loss of enjoyment of life is likely to exceed $75,000 per Plaintiff. *See, e.g.*, *Walker v. Burnett*, 2004 WL 725335, at *1 (D. Conn. Mar. 19, 2004) ("The plaintiff's claim for damages include ongoing medical procedures and treatments, some degree of permanent impairment and permanent pain, as well as pain and suffering. Based on these alleged damages, it does not 'appear to a legal certainty' that the plaintiff could not recover in excess of $75,000."); *Morillo v. Burlington Coat Factory*, 2017 WL 3715245, *2 (D. Conn. Aug. 29, 2017) ("[T]he Court can imagine that medical bills for a torn meniscus (which often requires surgery), amongst [Plaintiff's] other injuries, might exceed $75,000.").

26. Plaintiffs' Complaint also includes a statutory notice of an "Amount in Demand" in excess of $15,000 for each Plaintiff. **Exhibit C**, "Amount in Demand".

27. Although Defendants deny all allegations and denies Plaintiff is entitled to recover any damages, as the removing party it "may assert the amount in controversy if the initial pleading (1) seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (2) the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *See* 28 U.S.C. § 1446(c)(2)(A)–(B). The first criterion is met because Connecticut requires that plaintiffs only allege an amount *exceeding* $15,000—not a specific monetary sum. *See* Conn. Gen. Stat. § 52-91(1) ("When money damages are sought in the demand for relief, the demand for relief *shall set forth* . . . [t]hat the amount . . . *is fifteen thousand dollars or more*, exclusive of interest and costs." (emphasis added)). The second criterion is also met. A notice of removal "need include only a

6

plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).  But when "pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 305 (2d Cir. 1994).  "This is all the more appropriate when plaintiffs are prohibited from including a monetary demand in their complaint." *Charles v. Costco Wholesale Corp.*, 416 F. Supp. 3d 167, 169 (E.D.N.Y. 2017).  Unless it "appears to a legal certainty that the claim is really less than the jurisdictional amount," the Court cannot dismiss an action for lack of subject matter jurisdiction. *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (alteration omitted).

28. Here, there is a "'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur Soc'y, U.S.*, 347 F.3d 394, 397 (2d Cir. 2003); Allegations of "serious" or "permanent" injury and loss income have been found to be adequate when determining the amount-in-controversy.  *See*, *e.g.*, *O'Reilly v. BJ's Wholesale Club, Inc.*, 2017 WL 3032217, at *4 (D. Conn. July 17, 2017) (finding jurisdictional threshold met with allegation of permanent injury and expenses for doctors' appointments, X-rays, cortisone shots, and echocardiograms, together with pain and suffering, lost income and lost wages, and hip replacement).

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A. The Notice is Timely

29. This Notice is timely.  28 U.S.C. § 1446(b)(1) requires a Notice of Removal be filed within 30 days of receipt by a defendant, "through service or otherwise," of a copy of the Complaint. In *Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that this 30-day period is triggered upon "simultaneous service of the summons and complaint."  526 U.S. 344, 347-48 (1999).

7

30. Pfizer Inc. was served with the summons of Plaintiffs' Complaint on February 24, 2026. **Exhibit D**, Service of Process on Pfizer.

31. This Notice is being filed on March 6, 2026, and therefore timely under 28 U.S.C.§1446(b)(1).

### B. Notice of this Removal is Being Provided to State Court and Plaintiffs.

32. Promptly after filing of this Notice, Defendants will serve Plaintiffs and file a copy of this Notice with the Clerk of the New London Superior Court to properly effect removal of this action to United States District Court under 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal in United States District Court which Defendants will file with that court is attached as **Exhibit E**.

### C. All Properly Joined and Served Defendants at the Time of Removal Have Consented to Removal.

33. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants must join in or consent to removal. Here, all Defendants consent to removal.

### D. Copies of all Process, Pleadings, and Orders are Being Filed.

34. Pursuant to 28 U.S.C. § 1446(a), copies of all documents filed in the state court action, including all process, pleadings, and orders, are attached as **Exhibit F**.

35. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to § 1016 of the Act, this Notice need not be verified.

36. This Notice is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

**WHEREFORE**, Pfizer hereby removes the above-captioned matter, pending against it in the Connecticut Superior Court, Judicial District of New London, to the United States District Court for the District of Connecticut.

Dated: March 6, 2026                                    Respectfully submitted,

                                                                 */s/ James O. Craven*
                                                                 James O. Craven (ct18790)
                                                                 James I. Glasser (ct07221)
                                                                 WIGGIN AND DANA LLP
                                                                 One Century Tower
                                                                 265 Church Street
                                                                 P.O. Box 1832
                                                                 New Haven, CT 06508-1832
                                                                 T: (203) 498-4400
                                                                 F: (203) 782-2889
                                                                 jcraven@wiggin.com
                                                                 Jglasser@wiggin.com


                                                                 *Attorneys for Pfizer Inc., Pharmacia LLC,*
                                                                 *and Pharmacia & Upjohn Co. LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and all attachments thereto, was filed with this Court using this Court's electronic filing system on March 6, 2026, and that on said date a copy was transmitted by email to counsel below:

Neal L. Moskow, Esq.
MOSKOW LAW GROUP LLC
425 Kings Highway East
Fairfield, CT 06825
neal@moskowlaw.com

*Attorney for Plaintiffs*

                                                */s/ James O. Craven*
                                                James O. Craven